State of Louisiana ex rel. Zuberbier & Behan vs. Judge First City Court.

## No. 8121.

STATE OF LOUISIANA EX REL. ZUBERBIER & BEHAN VS. JUDGE FIRST CITY COURT.

33 15
50 47

A party who has sanctioned the proceedings he complained of, cannot have the same avoided through a writ of *Certiorari.* C. P. art. 864.

*A. B. Philips* for Relators.
*H. P. Dart* for Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *Certiorari*, to test the

validity of the proceedings by which the relators were condemned, as garnishees, to pay the amount of a judgment rendered in *May last*, by a justice of the peace in this parish, and now sought to be enforced by the First City Court, whereof the respondent is judge, and which has succeeded said justice's court.   Act 1880, No. 44.

The proceedings are before us.   We have carefully examined them, and find that, if the relators once had a right to contest their regularity, they have formally abandoned it by *sanctioning* and thus validating them.

The complaint is, that as the service of the interrogatories and citation to answer was made by a deputy constable, beyond the bounds of his bailiwick, the relators were never legally cited.   If such were the case, the garnishees might have excepted to the mode of service.   The defense was a purely personal one, which the garnishees could legally have waived, without thereby contravening any prohibitory law.   They did not so except.   They cannot say that they did not know of the proceeding, for the service, however irregular it may be claimed to have been, was made *in person* on one of the firm, at the place of business. They allowed judgment, taking the interrogatories *pro confessis*, to be entered against them, and afterwards applied for a new trial, praying to be permitted to answer, which was refused.   Their objection comes too late.   31 A. 88.   It would seem that an appeal was taken from the judgment against the garnishees, and the inference, from the prayer for a *Prohibition*, ancillary to that for a *Certiorari*, is, that the judgment was affirmed.

In an application for a *Certiorari*, we are not permitted to go *behind* the proceedings attacked, so as to pass upon the *intrinsic* correctness of the order, decree or judgment, or proceeding complained of, but we are restricted to an inquiry into its *extrinsic* validity.   We clearly announce that we will not entertain applications in which our action will be asked to review the correctness, *in point of substance*, of judgments rendered by inferior courts in unappealable matters.   See State ex rel. Wintz vs. Judge Criminal District Court, recently decided.

Article 864 C. P., which serves as a guide in such matters, provides: "If, upon examining the certified copy thus sent, it shall appear to the court issuing the mandate, that the proceedings are null, and have not been *sanctioned* by the party complaining of them, it shall avoid the proceedings and direct the inferior judge to try the cause anew, in conformity with the provisions of the law."

Finding that the relators have sanctioned the proceedings, the validity of which is assailed, we can render them no relief.   C. P. 93; 26 A. 587; 29 A. 195; 15 A. 184; 31 A. 88; 32 A. 552.

It is, therefore, ordered that the petition for the nullity of the proceedings mentioned, be refused at relators' costs.

Rehearing refused.